## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ELIAS ISAAC PEREZ-RIOS,**
  **Petitioner,**

**v.**          **No. 3:17-cv-01177-DRH**

**UNITED STATES OF AMERICA,**
  **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Federal Correctional Institution Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 in order to challenge his sentence for illegal re-entry of the United States. (Doc. 1, p. 6). Petitioner claims he received an enhanced sentence and requests resentencing without the enhancement, which he believes will make him ineligible for deportation at the conclusion of his sentence. (Doc. 1, p. 5).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

The Petition is vague in the nature of the crime underlying Petitioner's incarceration. A review of PACER records shows that Petitioner was convicted of unlawfully re-entering the United States after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(1). *United States v. Elias Isaac Perez-Rios*, 15-cr-0218-ADM-SER-1 (Dist. Minn. 2016) ("criminal case"). Petitioner was sentenced to 30 months in BOP custody on May 27, 2016 pursuant to U.S.S.G. § 2L1.2. *Id.* (Doc. 1, p. 7).

Petitioner now brings this habeas corpus action pursuant to 28 U.S.C. § 2241 and argues that he received a sentencing enhancement due to a prior conviction for burglary, which also made him eligible for deportation. (Doc. 1, p. 7). Petitioner asks to be resentenced without consideration of his Minnesota burglary conviction so as to make him ineligible for deportation at the completion of his sentence. (Doc. 1, p. 5).

## Discussion

As an initial matter, there is some doubt whether resentencing Petitioner without the enhancement would actually give Petitioner the relief he seeks. Petitioner was previously removed as an illegal alien, and even if he were not deported due to the present felony conviction, he would likely still be subject to removal because he has no legal right to stay in this country.

But more to the point, Petitioner cannot proceed in this action because § 2241 is unavailable to him, and the relief he seeks is foreclosed by *Beckles v. United States*, 137 S.Ct. 886 (U.S. 2017).

Normally, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).

Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e). The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed

a miscarriage of justice corrigible therefore in a habeas corpus proceeding."
*Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Here Petitioner has affirmatively stated that he did not file a previous petition for habeas relief under § 2255. (Doc. 1, p. 2). A review of the docket of his criminal case confirms that no motion pursuant to § 2255 was ever filed. It appears that § 2255 relief is no longer available to Petitioner because the 1-year time limitation to file such a motion ran on May 27, 2017, a year after judgment was entered against Petitioner. § 2255(f)(1). That is insufficient to trigger the savings clause. Petitioner relies on *Johnson v. United States*, 135 S.Ct. 2551 (U.S. 2015).[1] That case was decided on June 26, 2015, nearly a year before Petitioner was sentenced. Petitioner cannot use *Johnson* to trigger the savings clause because he could have raised *Johnson* in a § 2255 proceeding. Moreover, *Johnson* is not a case of statutory interpretation; it is a constitutional case. *Welch v. U.S.*, 136 S.Ct. 1257, 1264 (U.S. 2016); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015). Therefore *Johnson* cannot be the basis of a § 2241 petition, and Petitioner is not entitled to any relief on that basis. The Petition does not meet the first 2 elements of the savings clause in § 2255.

There are other problems with the Petition as well. *Johnson* addressed language in the Armed Career Criminal Act, and while the sentencing guidelines contain identical language in § 4B1.2, that language is not in § 2L1.2, Unlawfully

---

[1] Petitioner cites to 3 other cases in his Petition, but none of them are controlling precedent in this Circuit.

Entering or Remaining in the United States, which Petitioner was sentenced under. Even if it was, the Supreme Court found in *Beckles v. United States* that the sentencing guidelines are not subject to a *Johnson* vagueness challenge because they are advisory. 137 S.Ct. 886, 894 (U.S. 2017).[2] *Johnson* is not a basis for the relief Petitioner seeks.

The Court finds that this § 2241 Petition is not properly before the Court because Petitioner has not triggered the savings clause in § 2255. Even if he had, Petitioner is not entitled to the relief he seeks because his position is foreclosed by the relevant case law. For these reasons, the § 2241 Petition must be **DISMISSED**.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that the Petition is summarily **DISMISSED** on the merits with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within the time period specified by Fed. R. App. P. 4. A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See*

---

[2] There is some suggestion in the criminal case that Petitioner received a below-guidelines sentence.

Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir.2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir.1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir.1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.18
12:20:00 -06'00'

**UNITED STATES DISTRICT COURT**